United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40468
SUMMARY CALENDAR
_____

CURTIS L. PEOPLES

Petitioner - Appellant

v.

FEDERAL BUREAU  OF PRISONS

Respondent - Appellee

_____

On Appeal from the United States District Court for the
Eastern District of Texas
(1:00-CV-100)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review the district court's decision to dismiss Petitioner-Appellant, Curtis

Peoples' (hereinafter "Peoples"), 28 U.S.C. § 2441 petition.  For the following reasons, we affirm

the district court's decision.

I.

FACTUAL AND PROCEDURAL BACKGROUND

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Peoples is currently serving sentences imposed under the District of Columbia Code and the United States Code for a term of 30 years and 4 months to life. Peoples alleges that the Federal Bureau of Prisons miscalculated his good time credits, industrial work assignment credits, and educational credits which would adjust his parole eligibility date. Peoples pursued the proper administrative remedies and then filed suit in the district court. The district court denied Peoples' petition and this appeal timely followed.

III.

STANDARD OF REVIEW

This court reviews the district court's determinations of law regarding People's § 2241 petition de novo. *Royal v. Tombone*, 141 F.3d 596, 599 (5th Cir. 1998). We review the district court's findings of fact for clear error. *Id*.

III.

LIBERTY INTEREST IN PAROLE ELIGIBILITY DATE

Habeas relief is available for rights secured under the laws of the United States. *Malchi v. Thaleri*, 211 F.3d 953, 957 (5th Cir. 2000). Convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

We also look to the statues of the District of Columbia to determine whether a prisoner has a constitutionally protected liberty interest in being released on parole, and therefore, whether he has a constitutionally protected liberty interest in the determination of his parole eligibility date. *Board of Pardons v. Allen*, 482 U.S. 369, 373-74 (1987). The District of Columbia statutory scheme does not create an expectancy of release that rises to the level of a constitutionally

protected liberty interest.  *Ellis v. District of Columbia*, 84 F.3d 1413, 1415 (D.C. Cir. 1996).

Thus, Peoples has no liberty interest in his parole eligibility date and habeas relief is not

warranted.  *Malachi*, 211 F.3d at 957.

IV.

CONCLUSION

For the foregoing reasons the judgment of the district court is affirmed.